NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRUNG VAN PHAN, | No. 19-70739 |
| Petitioner, | Agency No. A213-087-783 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2021[**]
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,[***] District Judge.

Trung Van Phan (Phan) petitions for review of the decision of the Board of

Immigration Appeals (BIA). The BIA affirmed the Immigration Judge's (IJ's)

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

adverse credibility finding as to Phan's asylum and withholding claims and affirmed the IJ's decision to deny relief pursuant to the Convention Against Torture (CAT). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We **DENY** the petition for review.

1. An IJ must "[c]onsider[] the totality of the circumstances[] and all relevant factors" in determining an applicant's credibility. 8 U.S.C. § 1158(b)(1)(B)(iii). "We review the IJ and BIA's adverse credibility finding for substantial evidence." *Solo-Olarte v. Holder*, 555 F.3d 1089, 1091 (9th Cir. 2009). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618 (9th Cir. 2006) (citation and internal quotation marks omitted). We must "uphold the BIA's findings unless the evidence compels a contrary result." *Jie Cui v. Holder*, 712 F.3d 1332, 1336 (9th Cir. 2013).

The IJ and BIA relied on a number of factors in determining that Phan was not credible. For example, the BIA affirmed the IJ's ruling that Phan's inability to "remember which European countries he traveled through in order to reach the United States . . . was implausible, especially considering that [Phan] has graduated from a four-year college." "Although 'speculation and conjecture' alone cannot sustain an adverse credibility finding, an IJ must be allowed to exercise common sense in rejecting a petitioner's testimony even if the IJ cannot point to specific,

2

contrary evidence in the record to refute it." *Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005). We agree that the IJ could exercise his common sense and decide that Phan's inability to remember a single country through which he traveled undermined his testimony.

Additionally, Phan's testimony was evasive at times. Phan did not provide a direct answer to the IJ's question: "[W]hen was the last time the [Vietnamese] police contacted your parents?" Such evasive testimony can form the basis for an adverse credibility finding. *See Bingxu Jin v. Holder*, 748 F.3d 959, 962–65 (9th Cir. 2014).

Phan also omitted his parents' profession as "fisherfolk" from his asylum application. Because Phan's asylum and withholding claims relate to protests against an environmental disaster, which affected the local fishing industry, this omission was material to his application as a whole. While "omissions are less probative of credibility than inconsistencies created by direct contradictions in evidence and testimony," we have "recognized that an omission may form the basis for an adverse credibility finding," at least in part. *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014).

Finally, the BIA highlighted the IJ's finding pertaining to Phan's demeanor. The IJ "observed that [Phan's flat] emotional affect seemed inconsistent with that of a torture victim." Although Phan argues that "emotional numbing is a common coping mechanism for individuals with" post-traumatic stress disorder (PTSD), he

cites nothing in the record to show that he has been diagnosed with PTSD.  We give special deference to an IJ's demeanor findings "because IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010)

Although no single factor in this case standing alone would necessarily result in our affirmance of the BIA and IJ, when viewing "the totality of the circumstances," 8 U.S.C. § 1158(b)(1)(B)(iii), Phan has not met his heavy burden in showing that "the evidence compels a contrary result," *Jie Cui*, 712 F.3d at 1336. Therefore, we affirm the adverse credibility finding and the denial of Phan's applications for asylum and withholding of removal.  *See Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020).

2. "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048.  However, when a CAT claim is based on the same allegations for which the IJ made an adverse credibility finding, that adverse credibility finding is especially probative for the CAT claim.  *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).  In such an instance, the petitioner must rely almost exclusively on evidence of country conditions.  *See* 8 C.F.R. § 1208.16(c)(3).

Phan's other evidence for CAT relief is largely drawn from a 2016 report from the Department of State, which reviews harassment and abuse in the Vietnamese

criminal justice system. That report states that some political prisoners suffer "physical abuse" in Vietnamese prisons, but does not detail abuse in Vietnamese prison for those who were arrested for protesting the 2016 environmental disaster, like Phan. Thus, the State Department report "is insufficient to compel the conclusion that [*Phan*] would be tortured if returned." *Lianhua Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014); *see also* 8 C.F.R. § 1208.16(c)(2). Therefore, we also affirm the BIA with regard to Phan's CAT claim.

**DENIED.**